## INSTRUCTIONS TO JURY IN A WILL CONTEST.

Court of Appeals for Hamilton County.

EDGAR STARK, EXECUTOR, v. FRANCES M. CRESS ET AL.*

Decided, December 12, 1914.

*Wills—Charge of Court—Value to be Given to the Certificate of the Probate Court—One of the Witnesses to the Will Testifies that the Testatrix Was Incapable—Weight of Testimony Involved in Such a Contradiction—Interpretation of the Requirement that One Undertaking to Make a Will Shall be of Sound Mind and Memory.*

1. To charge the jury with reference to the admission of a will to probate, that "by *prima facie* evidence we mean that these matters certified by the probate court probably occurred," is to give less than full value to the certificate of the probate court and is erroneous, and the error involved therein can not be cured by a correct statement in another part of the charge.

2. It is error to refuse to charge in a will case, that a person who attaches his name as a witness to a testamentary instrument im-

*Reversing *Cress et al v. Stark, Excr.,* 14 N.P.(N.S.), 545.

pliedly certifies that the testator is of sound mind and competent to make a will and while the law will permit him to subsequently testify to the contrary, because the truth, if such it be, should be learned, yet the jury in weighing his testimony may consider the fact of such implied contradiction.

3. The charge that "it is not essential to the validity of a will that all or any of the subscribing witnesses should testify that the testatrix was of sound mind and memory, provided you find from all the evidence before you that she was of sound mind and memory," was a proper one to give in the case under consideration.

4. The requirement that a testator shall be of sound mind and memory at the time of the execution of the will, does not mean that one who has been weakened by sickness is incapable of making a will, but only that he shall then have sufficient memory and the mental capacity to understand fully what he is doing.

*Stephens, Lincoln & Stephens* and *Rufus B. Smith,* for plaintiff in error.

*Horstman & Horstman* and *W. S. Walker,* contra.

JONES (Oliver B.), J.; SWING, P. J., concurs; JONES (E. H.), J., dissents.

The action below was brought to set aside the will of Mary Ann Britt, the petition alleging that "said paper writing is not the last will and testament of said Mary Ann Britt." A verdict of the jury was had setting aside the will and judgment thereon was entered by the court below.

It is argued that this verdict and judgment was against the weight of the evidence. There is no evidence sufficient to sustain the verdict upon the ground of any restraint or undue influence exerted over the testator at the time of the execution of the will, so that it can only be sustained on the ground that the testator was not then of due mental testamentary capacity. There is considerable conflict of testimony upon this question, to such an extent that we would be unwilling to set aside the verdict of a jury and reverse the judgment on this ground.

Plaintiffs in error, however, claim that the court below erred in refusing to give certain special charges requested by them, and also erred in certain particulars in the general charge.

Section 12083 of the General Code in the chapter relating to the contest of a will is as follows:

"On the trial of such issue, the order of probate shall be *prima facie* evidence of the due attestation, execution, and validity of the will or codicil." ·

In its general charge to the jury the court used this language:

"The order of probate is *prima facie* evidence of the due attestation, execution and validity of the will.
"By '*prima facie*' we mean if you find that these matters certified to by the probate court probably occurred, they will prevail, unless the contrary be found by you by all the evidence in the case now being tried."

This charge as given is erroneous. Instead of giving full value to the certificate of probate by the probate court as the statute requires, this charge would compel the jury to find "that the matter certified to by the court *probably occurred.*" That such a charge constitutes prejudicial error is held in *Hall* v. *Hall,* 78 O. S., 415; *Seal* v. *Goebel, Exr.,* 11 C.C.(N.S.), 433. Before the giving of this general charge the court (also R. 524, 525 and 526) in a discussion with counsel in the presence of the jury, charged the jury in the same words, and further qualified that part of the charge by reading in connection with it a special charge which had previously been given at the request of counsel for defendants as follows:

"The order of the probate court admitting the will of Mary Ann Britt to probate raises a presumption that the will so probated is the valid last will and testament of Mary Ann Britt, and before you would be entitled to return a verdict setting aside her will, you must find that the evidence against the will outweighs both the evidence in its favor and the presumption arising from the order of the probate court admitting the will to probate as the valid will and testament of Mary Ann Britt."

It is claimed by counsel for defendant in error that this special charge and other parts of the general charge cured the error contained in the general charge above quoted. This claim can not be sustained, as it can not be determined which part of the instructions the jury followed, and this instruction must therefore be regarded as prejudicial error. *Rapp* v. *Becker,* 4 C.C.(N.S.) 139; *Insurance Co.* v. *Purcell,* 19 C. C., 135.

In our opinion it was error for the court to refuse Special Charge No. 5, which was asked by defendants before argument, and is as follows:

"A person who attaches his name as a witness to a testamentary instrument, impliedly certifies that the testator is of sound mind and competent to make a will; and while the law will subsequently permit him to testify to the contrary because the truth, if such it be, should be learned, yet the jury trying the case may consider the fact of such implied contradiction in weighing his testimony."

This charge was taken from the case of *Stevens* v. *Leonard,* 56 N. E., 27. The Supreme Court of Indiana, in its opinion in this case, discusses fully the position of a witness to a will, and quotes numerous authorities to sustain it. It is too long to quote in full all the pertinent part, but it is so applicable to this case that we can not refrain from quoting the following portion found on page 31:

"It can not be thought possible that an honest man, of ordinary intelligence, would subscribe his name as a witness to an instrument executed by a person whom he believed to be of unsound mind or under coercion or constraint. The fact that such a man voluntarily identifies himself with the· transaction as a witness is an indication that in his opinion the person executing the instrument is competent to do so. The witness must be understood to attest not merely the act of signing, but also the mental capacity of the testator to sign. A subscribing witness may, it is true, be heard to impeach the will; but, if he assumes that attitude towards it, he does so at the peril of his reputation for candor and veracity. Such an attitude is not merely inconsistent with the position he ·has voluntarily taken, but is suggestive of fraud and double dealing. It involves a betrayal of confidence, and, if the witness is believed, in some instances it may be attended with the most distressing consequences. The credibility of the witness becomes at once a matter of serious inquiry, and his desertion of his position as a sustaining witness is an important fact for the consideration of the jury. In such a case it is entirely proper for the court to inform the jury that they may consider the fact of such implied contradiction, if they find it exists, in weighing his testimony. A direction of this character is not an invasion of the province of the jury, nor is

it objectionable on the ground that it singles out a witness for attack or criticism. It is the duty of the court in all cases to instruct the jury upon the law of the case, whether the testimony of one witness or the testimony of a score of witnesses is comprehended within the rules necessary to be stated for their guidance. In the instruction under examination, the court did nothing more than declare, as it was competent for it to do, a familar rule of law; leaving the application of it entirely to the jury, and without giving them to understand what his own opinion on the subject was."

Special Charge No. 4 relating to the testimony of the same witnesses to the will, was properly refused by the court, as it might be held to invade the province of the jury by stating that their testimony should be viewed with suspicion. *State* v. *Tuttle*, 67 O. S., 440; *Sharp* v. *State*, 16 O. S., 218.

Special Charge No. 6 was requested by counsel for defendants, in the following language:

"It is not essential to the validity of a will that all or any of the subscribing witnesses should testify that the testatrix was of sound mind and memory provided you find from all the evidence before you that she was of sound mind and memory."

It appears from the record that this charge was submitted to the court in writing, while the argument by counsel for plaintiffs was in progress before the jury, and it was then refused by the court without having been brought to the attention of the opposite counsel—leading counsel being still engaged in argument to the jury, and that such counsel had no knowledge of it until the hearing of the motion for new trial.

The charge was a proper one and should have been given. The fact that it was not asked until the argument before the jury was in progress is not sufficient reason for refusing it (*Shear Co.* v. *Carbon Co.*, 75 O. S., 169). We have been cited to no statute requiring the submission of a charge to opposite counsel before presentation to the court, but it is customary so to do, and it is the privilege of counsel to be advised of all steps that are being taken in the trial of a case. The request for this charge should have been brought to the attention of counsel

for plaintiff. The record would indicate that it was not so done
because of the fact that it was refused by the court while the
argument being made by leading counsel was still proceeding

The court also erred in refusing Special Charge No. 1 re-
quested by defendants, which is as follows:

"If prior to the execution of the will you find that Mrs. Britt
had sufficient mental capacity to understand the nature and ex-
tent of her property, to realize the relation which she held to
those who had claims against her, and to make a selection among
them; and that while having such mental capacity she gave in-
structions to her attorney as to what disposition she wished to
make of her property by will.

"And if you further find that her instructions were carried
out by her attorney, and that while having the mental capacity
before stated the will was read over to her and she assented to it,

"And if you further find that when she signed said will she
knew that she was signing the will previously drawn by her at-
torney in obedience to her instructions, and she knew it had
been drawn according to her instructions and approved by her,
and intended by her signature to give assent to such instrument
as her will, knowing its contents, then I charge you that if such
instrument were properly executed and witnessed, it would be
her valid last will and testament."

Our statute requires that a testator shall have sound mind
and memory at the time of the execution of a will. This does
not, however, mean that a person who has been weakened by
sickness is incapable of making a will; it simply means that the
testator must then have sufficient memory and mental capacity
necessary to understand fully what he is doing. If he had pre-
viously considered all the questions involved and determined the
disposition to be made of his property, he can carry out that de-
termination by the execution of a will previously drawn or the
instructions for which have been previously given, if he has
strength sufficient to know that it carries out such disposition.
*Parker* v. *Felgate*, 8 Probate Div., 171; *Perera* v. *Perera*, 1901
Appeal Cases, 354; *Hathorn* v. *King, Exr.*, 8 Mass., 371; *O'Brien*
v. *Dwyer*, 45 N. J. Eq., 689, 696; *Schouler on Wills*, 3 Ed., Sec-
tion 73.

We find no other errors in the record prejudicial to plaintiffs
in error.

Because of these errors in the charge, the majority of the court are of the opinion that the defendants below were prejudiced in the submission of the case to the jury, and that the motion for a new trial should have been granted. The judgment is therefore reversed.


Jones (E. H.), J.

While agreeing that the errors occurred as pointed out by the majority opinion, I can not concur in a judgment of reversal, being of the opinion that the evidence so clearly shows mental and physical incapacity as to make the errors non-prejudicial.